```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - x
                                       :
UNITED STATES OF AMERICA               :      EX PARTE
                                       :      SEALED AFFIRMATION
        - v. -                         :
                                       :      16 Cr. 635 (RMB)
TODD HOWE,                             :
                                       :
              Defendant.               :
                                       :
- - - - - - - - - - - - - - - - - - - x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/20/16

ROBERT BOONE hereby affirms, under penalty of perjury and pursuant to 28 U.S.C. § 1746, as follows:

1. I am an Assistant United States Attorney in the office of Preet Bharara, United States Attorney for the Southern District of New York, and I am familiar with this matter. By this affirmation, the Government applies for an order of the Court directing that (1) the Information and related charging paperwork in the above-captioned matter be filed under seal until further order of the Court; (2) the Courtroom be closed for the defendant's waiver of indictment and guilty plea on September 20, 2016; (3) the transcript of the defendant's waiver of indictment and guilty plea be sealed until further order of the Court; and (4) docketing of the Information, related charging paperwork, the defendant's waiver of indictment and plea, and the transcript of the defendant's waiver of indictment and plea be delayed until further order of

the Court. This Office has received authorization from the Deputy Attorney General of the United States to request this relief, in accordance with 28 C.F.R. § 50.9(d).

2. Beginning in or about June 2016, the defendant began actively cooperating with the Government, participating in numerous proffer sessions during which he disclosed his criminal activities. In the course of those sessions, the defendant has provided the Government with detailed information concerning the criminal activities of various individuals, including a high-level official ("CC-1") in the office of the Governor of the State of New York and another high-level state employee ("CC-2"). All of the individuals the defendant has discussed with the Government are still at liberty, and while limited aspects of the investigation have been the subject of unconfirmed media reports, the full extent of the investigation, as well as its potential targets, remains highly confidential and is the subject of ongoing grand jury proceedings. The defendant's information has proven reliable and been corroborated by contemporaneous documents, including emails, and by the statements of other witnesses.

3. The defendant is currently prepared to enter a guilty plea to an eight-count Information pursuant to a

cooperation agreement with the Government. The majority of the counts arise from the defendant's participation in conspiracies with either CC-1 or CC-2. Should the fact or transcript of the defendant's guilty plea, the fact that he is cooperating with the Government, or the contents of the Information to which he is pleading guilty become known to CC-1, CC-2 and the other individuals whose criminal activity the defendant has disclosed to the Government, there are reasonable grounds for concern that the continuing investigation against CC-1, CC-2 and those individuals will be compromised. This is a particularly acute problem here where the defendant has already been identified in the press as a potential cooperator in the case. As such, the mere fact of his guilty plea, if known publicly, would almost certainly generate widespread media coverage and serve as confirmation to other potential defendants that the defendant is indeed cooperating and that the Government's investigation has entered a new, more serious stage.

4. The Government anticipates that information provided by the defendant is likely to be presented to a grand jury in this District in the near future, for purposes of obtaining an indictment against CC-1, CC-2 and others.

5. Although there is a qualified right of public

access to Court documents, the Second Circuit has recognized that documents may be filed under seal to, among other things, further ongoing law enforcement efforts, including grand jury investigations, and to prevent danger to persons or property. *See United* States v. *Doe,* 63 F.3d 121, 128 (2d Cir. 1995); *United States* v. *Cojab,* 996 F.2d 1404, 1407-09 (2d Cir. 1993) (affirming sealing order); *United States* v. *Haller,* 837 F.2d 84, 88 (2d Cir. 1988) (affirming decision to seal that portion of a plea agreement that referred to a defendant's ongoing cooperation); *see also* Fed. R. Crim. P. 49.1(d) and (e) & advisory committee note (permitting a court to order filings to be made under seal, and explicitly listing, as examples, "motions for downward departure for substantial assistance" and "plea agreements indicating cooperation"). The Second Circuit has also recognized that even docketing the applications to seal those materials could be prejudicial, and in such cases the applications themselves and related notes to the docket could be sealed. *See United States* v. *Alcantara,* 396 F.3d 189, 200 n.8 (2d Cir. 2005).

6. Compelling law enforcement interests support the requested relief in this case. Aspects of the investigation as to which the defendant is providing information remain

4

confidential and are subject to ongoing investigative efforts by the Government. Exposure of the defendant's cooperation would hinder law enforcement officials' ability to continue their investigation of CC-1, CC-2 and others without their knowledge that the defendant is cooperating against them. An order granting the requested relief would greatly reduce the risk that the defendant's cooperation with the Government will be exposed.

7. The defendant's cooperation (and the charges against him) will not be kept sealed indefinitely, however. The Government anticipates that, once CC-1, CC-2 and the other individuals whose criminal activities the defendant has disclosed to the Government have been arrested, the defendant's cooperation will be publicly disclosed. Accordingly, at such time, the Government will inform the Court of that development and move this Court for an order unsealing the filings of this case, and docketing the previously un-docketed entries. In any event, the Government will provide the Court with an update with respect to these matters no later than six months' time from the date of the requested order, and every six months thereafter until the sealed matters are unsealed and the un-docketed items are docketed.

8. Accordingly, the Government requests that the

Court enter an order directing that (1) the Information and related charging paperwork in this matter be sealed until further order of the Court; (2) the courtroom be closed for the defendant's waiver of indictment and plea; (3) the transcript of the defendant's waiver of indictment and plea be sealed until further order of the Court; and (4) docketing of the Information, related charging paperwork, and the defendant's waiver of indictment and plea be delayed until further order of the Court.

9. The Government also requests that this Application and any related order be sealed and their docketing delayed until further order of the Court.

10. Further, the Government requests that it shall report to the Court on or before 60 days after execution of the order, regarding the continuing need, if any, to maintain these matters under seal.

11. Although this Application has not been provided to counsel for the defendant, I have conferred with counsel,

Richard J. Morvillo, Esq., who joins in and consents to the relief being requested. No prior request for the relief set forth herein has been made.

Dated: New York, New York
September 19, 2016

/s/ Robert L. Boone
ROBERT L. BOONE
Assistant United States Attorney
Southern District of New York
Tel.: (212) 637-2208